COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-401-CR

BENNIE LORENZO DORSEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Bennie Lorenzo Dorsey appeals the trial court’s order revoking his deferred-adjudication community supervision.  We affirm. 

Appellant pleaded guilty to aggravated assault with a deadly weapon on March 19, 2007, and received ten years’ deferred-adjudication community supervision and a $1,000 fine.  On August 3, 2007, the State filed a petition to adjudicate, and the trial court held a hearing on October 23, 2007. Defendant pleaded true to violating the terms of his community supervision by committing the new offense of evading arrest and by failing to attend the Treatment Alternatives to Incarceration program on four occasions.  The trial court adjudicated defendant guilty and assessed punishment at five years’ confinement.  

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of the motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  In addition, this court informed appellant that he may file a pro se brief, but he has not done so.

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record
.
(footnote: 3)  Only then may we grant counsel’s motion to withdraw.
(footnote: 4) 

We have carefully reviewed counsel’s brief and the record.  We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal.
(footnote: 5)  Accordingly, we grant counsel’s motion to withdraw and affirm the trial court’s judgment. 

PER CURIAM

PANEL:  CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 14, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays v. State,
 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

4:
See Penson v. Ohio,
 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

5:
See Bledsoe v. State,
 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); 
accord Meza v. State,
 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).